UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Glenn McGahan,

    Petitioner,

    v.                                                   Civil Action No. 5:12-cv-17

State of Vermont,

    Respondent.

## REPORT AND RECOMMENDATION
(Docs. 1, 10, 27)

Petitioner Glenn McGahan, a Vermont inmate who commenced this action *pro se* and is now represented by counsel, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 10.) McGahan was sentenced to six to twenty years to serve after a 2002 guilty plea in Vermont state court to various felonies and misdemeanors. In the instant Petition, McGahan challenges his continued incarceration beyond the minimum term of his sentence. The state opposes the Petition, and has filed a Motion to Dismiss. (Doc. 27.)

For the reasons set out below, I recommend that McGahan's habeas petition be DENIED and the state's Motion to Dismiss be GRANTED. I also recommend that McGahan's earlier complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) be DISMISSED for reasons set out in an earlier Report and Recommendation (Doc. 5).

## Facts and Procedural Background

McGahan pled guilty to various felonies and misdemeanors in Vermont state court on March 26, 2002. Specifically, McGahan pled *nolo contendere* to first degree aggravated domestic assault, as well as guilty to the following offenses: domestic assault, unlawful mischief, the violation of a relief from abuse order, and two counts of lewd and lascivious conduct with a child. (Doc. 27-6.) Pursuant to the terms of the plea agreement, which McGahan signed, he was sentenced to six to twenty years to serve. (*Id.*) During the plea hearing, McGahan indicated that he understood the details of the plea agreement, including the sentencing range to which he had agreed. (Doc. 27-5 at 4-5, 8.) When McGahan indicated that he was under medication, there was also an extended discussion by Vermont Superior Court Judge Karen Carroll with the petitioner and his counsel concerning McGahan's ability to understand the proceedings. After that colloquy, Judge Carroll was satisfied that McGahan fully understood the nature of the hearing and the consequences of his guilty plea. (Doc. 27-5.) McGahan did not file a direct appeal of his conviction or sentence to the Vermont Supreme Court. (Docs. 27-1; 27-2; 27-3; 27-4.)

Based upon weapons found in his possession when he was arrested on the state charges, McGahan was also subject to a contemporaneous federal prosecution, which has been previously described by this court:

> This court's records reveal that Mr. McGahan has also been the subject of a federal prosecution for possession of a firearm by a felon. The federal case concluded on December 1, 2004, with Judge Sessions entering a special verdict of not guilty by reason of insanity. Judge Sessions further ordered that once Mr. McGahan completes his state sentence, he is to be

2

"transferred to the custody of the Attorney General in order to conduct a hearing required by 18 U.S.C. § 4243 that directs the Court to order that the defendant be committed to a suitable facility" until either eligible for release, or until a psychiatric or psychological exam can be performed to determine whether his release "would create a substantial risk of bodily injury to another person or serious damage to the property of another person due to a present mental disease or defect." *United States v. McGahan*, Crim. No. 2:02-CR-52-01 (Doc. 28.)

(Doc. 5 at 2; *see also* Doc. 27-10.)

In 2005, McGahan filed a *pro se* petition in Vermont state court for post-conviction relief ("PCR"), pursuant to 13 V.S.A. §§ 7131-7137.[1] (Doc. 27-12.) As grounds for relief, McGahan claimed violations of the Sixth Amendment's guarantee of effective counsel (his attorney "failed to depose witnesses[, ]failed to investigate insanity issues and wasn't prepared for trial"), the Eighth Amendment's prohibition on excessive sentences and bail (he claimed that the "court held [him] without bail for no good reason for more than 60 days"), and the Fourteenth Amendment on the basis of "new evidence" (according to McGahan, "newly discovered material facts . . . have been generated concerning [his] mental health at the time of the offense which support a[n] insanity defense"). (*Id*. at 1-3.) With benefit of counsel, McGahan subsequently amended his PCR petition in a March 2006 filing. (Doc. 27-14.) In that amended petition, McGahan raised two issues: "(1) whether [McGahan] was competent at the time he entered into the plea; and (2)[] whether Mr. McGahan had a valid insanity defense, and if he received

---

[1] Also in 2005, McGahan filed multiple motions seeking credit for time served. (Docs. 27-7, 27-8.) In its response to these motions, the state noted that although it was "uncertain of precisely what [McGahan] is requesting," it "agree[d]" that McGahan was "entitled to an award of all appropriate credit." (Doc. 27-9 at 2.) In an October 5, 2005 order, the state court clarified the credit that was due. (Doc. 27-1 at 9-10.) On November 18, 2008, McGahan moved for reconsideration of his sentence, which was denied the following day. (Doc. 27-1 at 10.)

3

ineffective assistance of counsel where defense counsel did not seek an independent evaluation before he entered into a plea." (*Id*. at 6.)

After a trial on McGahan's claims, Superior Court Judge David Howard denied the PCR petition on September 26, 2008. (Doc. 27-15.) The court recognized that McGahan's counsel (who was the third attorney assigned to the case after two prior withdrawals) "had several reports that supported competency of his client and his own experience with him," all of which made counsel "reasonably believe" that pursuit of an insanity defense was not a "viable issue." (*Id*. at 18.) As such, this was "not a case . . . of counsel having made no effort at all to look into or pursue mental health issues that were obvious." (*Id*. at 16.) Instead, using the information then available to him, counsel "made a reasonable decision together with his client to obtain a plea agreement that greatly reduced the possible penalties [McGahan] could have faced after a trial conviction." (*Id*. at 17.) The court concluded that counsel was not required to "make such a total investigation [of competency] when two experts had given opinions that would not support an insanity defense." (*Id*. at 19.) The court also recognized the possibility that counsel may have used the insanity issue as leverage during plea negotiations while waiting to present the defense formally at any subsequent trial, stating that "[i]t is not unusual for the defense to pursue a plea while also holding out issues for a trial defense." (*Id*. at 18.) The fact that an insanity defense was successful in the federal prosecution—which was resolved more than two years after the state guilty plea when "there was far more information as to his mental health condition from 2002 to 2004 for that court to rely upon"—does not shake the conclusion that counsel was effective during

4

the earlier state case. (*Id*. at 18.) Furthermore, according to the court: "From the exchange at the plea colloquy, it is clear petitioner was competent then and knowingly waived his rights." (*Id*. at 18.) Judgment for the state entered on October 3, 2008, and no appeal was filed. (Doc. 27-11 at 8.)

On March 16, 2009, McGahan filed a petition for extraordinary relief with the Vermont Supreme Court. (Doc. 34-1.) In that petition, McGahan requested that the officers who arrested him, as well as the Department of Corrections officials who have permitted his continued incarceration, should be "found culp[a]ble and held liable" for their unlawful conduct. (*Id*. at 4.) McGahan also referenced his attorney's conduct in the underlying state conviction.[2] (*Id*. at 5.) On April 23, 2009, the Vermont Supreme Court denied McGahan's petition, citing Vermont Rule of Appellate Procedure 21(b), on the basis that he had not sought such extraordinary relief in the trial court in the first instance and had failed to describe why adequate relief could not be obtained in those courts. (*Id*. at 31.) In response, McGahan continued to seek extraordinary relief from the Vermont Supreme Court (*id*. at 34-46, 48-61, 65-70), which that court repeatedly denied, for the same reasons set out in its earlier order, in orders dated October 7, 2009, December 3, 2009, and January 29, 2010. (*Id*. at 47, 63, 64.) Upon receiving another such petition after these previous denials, the Vermont Supreme Court again denied the petition and noted, in an order dated May 12, 2010, that "the Court will entertain no further petitions of this nature." (*Id*. at 74.)

---

[2] McGahan wrote: "I also believe that if a defendant or client is diminished or injured it is the attorn[ey]'s duty to compensate for his or her shortfalls or lack of knowledge or effectiveness concerning the laws." (Doc. 34-1 at 5.)

5

McGahan also appears to have sought relief in the state district court by filing a "Motion to Proceed as Own Counsel" and a "Motion for Hearing" on November 3, 2009. (Doc. 34-2 at 14.) The following day, the "Motion for Hearing" was denied because it was not a "proper issue[] to raise in" the district court (*id*. at 6) and the "Motion to Proceed as Own Counsel" was rejected because there was "no pending matter" before the court (*id*. at 7). McGahan filed a notice of appeal on February 13, 2010, which the Vermont Supreme Court rejected as untimely filed. (*Id*. at 11.) *See* Vermont Rule of Appellate Procedure 4 (appeal must be filed within thirty days of entry of judgment).

On January 25, 2012, McGahan filed a Complaint in this court pursuant to 42 U.S.C. § 1983. (Doc. 1.) In that Complaint, McGahan asserted several claims, primarily involving the duration of his incarceration—he argued that the state had violated the terms of his plea agreement by holding him beyond the minimum sentence (six years) set out in that agreement. In a subsequent pleading, McGahan also alleged that his state and federal convictions were not supported by sufficient evidence. (Doc. 3-2 at 1.)

By order, I notified McGahan of my intention to recharacterize his § 1983 Complaint as a state habeas corpus petition under 28 U.S.C. § 2254 because a challenge to the duration of imprisonment is only cognizable as a petition for a writ of habeas corpus. (Doc. 2.) In a somewhat cryptic response, McGahan indicated his desire to proceed under § 1983. (Doc. 4.) Accordingly, I recommended that the Complaint be dismissed. (Doc. 5.) The district court declined to adopt this recommendation, recognizing that, in light of the "ambiguity in the nature of the relief he is seeking,"

McGahan should be entitled to a hearing to clarify whether he seeks habeas corpus relief or relief under § 1983. (Doc. 8.)

On May 29, 2012, the same day as the filing of the district court's order, McGahan filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, raising the same claim as in his § 1983 Complaint involving his continued detention beyond the minimum term of his sentence.[3] (Doc. 10.) Thereafter, the court appointed Attorney Elizabeth Mann to represent McGahan. (Doc. 11.) A status conference was held on July 31, 2012, at which Attorney Mann appeared. (Doc. 14.) Thereafter, at a hearing held on August 28, 2012, at which both McGahan and Attorney Mann appeared telephonically, I advised McGahan of the effect of his filing of a petition for a writ of habeas corpus (specifically, the bar on second and successive petitions).[4] (Doc. 18.)

On November 27, 2012, the state filed its response as well as a Motion to Dismiss McGahan's habeas petition. (Doc. 27.) McGahan, through counsel, has filed a response (Doc. 28), to which the state filed a reply (Doc. 29), followed by another response by McGahan (Doc. 30). Pursuant to court order (Doc. 31), the state filed supplemental materials regarding McGahan's filings in the Vermont Supreme Court (Doc. 34).

---

[3] On his hand-written petition, McGahan wrote "detention past required min" and "over seven years in custody." (Doc. 10 at 1.)

[4] On September 26, 2012, Attorney Mann moved to confirm fulfillment of the case assignment, noting that she was "appointed to conduct a review of Mr. McGahan's continued detention in a state facility . . . and to address issues regarding re-characterization of the proceedings from an action pursuant to 42 U.S.C. [§] 1983 to one pursuant to 28 U.S.C. [§] 2254." (Doc. 21 at 1.) Those issues having been resolved, and thus the purposes for her appointment having been fulfilled, Mann requested that her appointment be terminated. (*Id*. at 2.) The Court granted Mann's motion, but, in recognition that "the interests of justice would be served by continued legal representation of the petitioner," requested that the Clerk of the Court appoint counsel for McGahan. (Doc. 24 at 2.) Attorney Mann was then re-appointed.

**Discussion**

McGahan's federal habeas petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Pursuant to § 2254(d), the court may only grant a writ of habeas corpus if one of two conditions is satisfied: "the state court adjudication (1) resulted in a decision that was contrary to clearly established federal law, as determined by the Supreme Court of the United States, or (2) involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *see also* 28 U.S.C. § 2254(d)(1).

In its response to McGahan's petition (Doc. 27), the state has raised the threshold issue of exhaustion, which I must address before any assessment of the merits.

**I.     Exhaustion**

Pursuant to AEDPA, a federal court should not grant a writ of habeas corpus unless the petitioner has "exhausted" his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"). This requirement of exhaustion obviously goes hand-in-hand with the substantive legal standard applicable to § 2254 habeas petitions—a federal court cannot determine whether a state court has misapplied federal law if no such state decision exists to review.

The exhaustion requirement, which is based on principles of comity between state and federal courts, *Rhines v. Weber*, 544 U.S. 269, 273 (2005), "requires that [a]

petitioner fairly present federal claims to the state courts in order to give the [s]tate the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and alterations omitted)); *see also Jones v. Keane*, 329 F.3d 290, 295 (2d Cir. 2003). To have "fairly presented" federal claims to the state courts, a petitioner must have (1) "set forth in state court all of the essential factual allegations asserted in his federal petition," and (2) "placed before the state court essentially the same legal doctrine he asserts in his federal petition." *Daye v. Att'y Gen. of New York*, 696 F.2d 186, 191-92 (2d Cir. 1982) (en banc), *cert. denied*, 464 U.S. 1048 (1984).

A petitioner need not first seek state habeas or other collateral review before submitting a petition under § 2254, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999), but a complete state-court review of his federal claims, by means of either a direct appeal or collateral review, is a prerequisite. *See Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir. 2000). Complete exhaustion requires a petitioner to "present the substance of the same federal constitutional claims that he now urges upon the federal courts to the *highest court* in the pertinent state." *Aparicio v. Artuz*, 269 F.3d 78, 89-90 (2d Cir. 2001) (internal quotation omitted and emphasis added). The burden of proving exhaustion lies with the habeas petitioner. *See Lopez v. Unger*, No. 07-CV-4145, 2010 WL 3937190, at *4 (E.D.N.Y. Sept. 30, 2010) (citing *Colon v. Johnson*, 19 F. Supp. 2d 112, 120 (S.D.N.Y. 1998)).

Critically, for present purposes, it bears emphasis that § 2254's exhaustion requirement is not met "where the claim has been presented [in state court] for the first and only time in a procedural context in which its merits will not be considered." *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see Bell v. Cone*, 543 U.S. 447, 452 n.3 (2005) ("the burden is on the petitioner to raise his federal claim in the state courts at a time when state procedural law permits its consideration on the merits"). In other words, a petitioner cannot raise an issue before a state high court in a manner in which that court could not reach the merits of the claim and then file a proper § 2254 petition in federal court. Otherwise, the exhaustion requirement would be satisfied in a circumstance in which the state court was not ever able to correct the alleged deficiency in the state proceeding, contrary to the comity and federalism purposes underlying the exhaustion requirement.

Here, McGahan has filed numerous petitions and appeals to the Vermont Supreme Court. None of these filings, however, were filed in a manner that would have permitted that court to reach the merits of McGahan's claims. Instead, the filings were either late or failed to meet the procedural requirements for extraordinary relief in that court. In particular, McGahan failed to meet the requirements of Vermont Rules of Appellate Procedure 4, which requires that a notice of appeal be filed within thirty days after entry of judgment, and 21(b), which requires that original actions for extraordinary relief set forth reasons why no other adequate remedy is available. Because these claims were never presented to the Vermont Supreme Court in a manner that would have allowed that court to reach the merits, McGahan has failed to exhaust his federal claims.

In light of McGahan's failure to exhaust, he may now choose to return to Vermont state court in an effort to exhaust his federal claims.[5] I express no view as to whether those courts remain open to him,[6] or whether this court would be able to consider the merits of his federal claims if they were first exhausted in state court.

Due to McGahan's failure to exhaust, his petition for a writ of habeas corpus (Doc. 10) should be DENIED, and the state's Motion to Dismiss (Doc. 27) should be GRANTED.[7]

## II. McGahan's § 1983 Complaint

In a previous Report and Recommendation, I recommended that the district court dismiss McGahan's § 1983 Complaint without prejudice, pursuant to 28 U.S.C. §

---

[5] Where, as here, a federal habeas petition is not mixed, and contains only unexhausted claims, federal courts that have considered the issue are in agreement that the stay-and-abeyance procedure described in *Rhines v. Weber*, 544 U.S. 269 (2005) is not available. *See Kalu v. New York*, No. 08-CV-4984, 2009 WL 7063100, at *5 (E.D.N.Y. Sept. 15, 2009) (collecting cases).

[6] As of now, it is unclear whether Vermont state court is open to McGahan. On the one hand, Vermont statutes permit collateral attack on a sentence "at any time." 13 V.S.A. § 7131. On the other hand, the Vermont Supreme Court has clarified that "[p]ost-conviction relief is a limited remedy," *In re Grega*, 2003 VT 77, ¶ 6, 175 Vt. 631, 833 A.2d 872, and second and subsequent PCR petitions (such as any future petition by McGahan) may be denied if the Vermont court determines that they constitute an "abuse of the writ," *In re Laws*, 2007 VT 54, ¶¶ 11-22, 928 A.2d 1210; *see also* 13 V.S.A. § 7134. In my view, "any uncertainty as to this is best resolved by allowing the state courts to decide the claim first." *Walker v. Miller*, 959 F. Supp. 638, 644 n.6 (S.D.N.Y. 1997).

[7] Although AEDPA empowers district courts with discretion to deny unexhausted petitions on the merits, *see* 28 U.S.C. § 2254(b)(2), I recommend that the court forego exercise of this discretion. None of the claims raised variously in McGahan's § 1983 Complaint and § 2254 petition have been fairly presented to the Vermont Supreme Court. Refusing to pass on their merits will encourage consolidation and initial resolution of such matters in state court, which "will serve to avoid piecemeal litigation and eventually decrease the burden on federal courts." *Fennell v. Artuz*, 14 F. Supp. 2d 374, 379 (S.D.N.Y. 1998) (quoting *Duarte v. Hershberger*, 947 F. Supp. 146, 150 (D. N.J. 1996)). Furthermore, it is not entirely clear the standard that applies in the discretionary adjudication of an unexhausted claim on the merits in the Second Circuit. *See Cummings v. Conway*, No. 09-CV-740, 2011 WL 2516581, at *4 (W.D.N.Y. June 23, 2011). Finally, "[t]he Court notes that [McGahan] should not be heard to complain about the Court's decision as to h[is] . . . claim, since under the AEDPA, this Court can reach the merits as to unexhausted claims only if it denies them." *Hernandez v. Lord*, No. 00 Civ. 2306, 2000 WL 1010975, at *5 (S.D.N.Y. July 21, 2000) (citing 28 U.S.C. § 2254(b)(2)).

11

1915A(b)(1) and the court's inherent powers, because (among other reasons) the sole remedy for a challenge to the fact or duration of imprisonment is a writ of habeas corpus. (Doc. 5 at 5-9.) The district court declined to adopt that recommendation, on the basis that McGahan "should be given an opportunity to appear before the Magistrate Judge, either in person or telephonically, to clarify the nature of his Complaint and whether he seeks habeas corpus relief or to file a civil action under § 1983." (Doc. 8 at 5-6.) Counsel has been appointed for McGahan and he has since been afforded this opportunity. (Doc. 18.) In addition, to the extent any confusion about McGahan's desire to pursue a habeas remedy or § 1983 claim might have persisted, such confusion has been alleviated by his subsequent filing of a habeas petition. (Doc. 10.) As a result, for the reasons identified in the earlier Report and Recommendation (Doc. 5), McGahan's § 1983 Complaint (Doc. 1) should be DISMISSED.

## **Conclusion**

For the reasons set forth above, I recommend that McGahan's Complaint pursuant to § 1983 (Doc. 1) be DISMISSED, his petition for a writ of habeas corpus (Doc. 10) be DENIED, and the state's Motion to Dismiss (Doc. 27) be GRANTED.

Dated at Burlington, in the District of Vermont, this 9th day of April, 2013.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).