

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| GLENN E. MCGAHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:12-cv-17 |
| | ) | |
| STATE OF VERMONT, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 1, 3-2, 10, 27 and 35)

This matter came before the court for a review of the Magistrate Judge's April 9, 2013 Report and Recommendation ("R & R"). Plaintiff Glenn McGahan has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 10) Defendant, State of Vermont, opposes the petition and has filed a motion to dismiss (Doc. 27) which the Magistrate Judge recommends be granted. Neither party has objected to the R & R, and the deadline for doing so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When no timely objection is filed, the court need only satisfy itself that there

is no clear error on the face of the record in order to accept the recommendation. *See Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (1974).

In his thirteen page R & R, the Magistrate Judge carefully reviewed the factual record and the motion before the court. Mr. McGahan's original action challenged the duration of his incarceration which he claimed violated the plea agreement pursuant to which he was sentenced (Doc. 1). The original action appeared to assert claims under 42 U.S.C. § 1983. Mr. McGahan then filed a supplemental pleading (Doc. 3-2), alleging that his state court convictions were not supported by sufficient evidence. The Magistrate Judge advised that it was his intention to recharacterize the § 1983 claims as a petition for habeas corpus relief, and to recommend the petition's dismissal.

At this court's request, the Magistrate Judge subsequently afforded Mr. McGahan an opportunity to clarify whether he was filing a civil rights claim under 42 U.S.C. § 1983 or a habeas corpus petition under 28 U.S.C. § 2254. The Magistrate Judge also appointed counsel to represent Mr. McGahan and held a hearing at which both Mr. McGahan and his counsel appeared telephonically. Mr. McGahan represented to the court that he sought only habeas corpus relief; the pending petition (Doc. 10) pertains only to this relief.

Thereafter, Defendant moved to dismiss Mr. McGahan's habeas petition because he had not exhausted his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"). The Magistrate Judge recommended that the motion to dismiss be granted, and, again, explained the basis for

this recommendation.[1] The court finds that Magistrate Judge's conclusions well-reasoned and supported by the factual record.   There is no objection to them.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R as the court's Order and Opinion, and DISMISSES Plaintiff's complaint pursuant to § 1983 (Docs. 1, 3-2), DENIES Plaintiff's petition for a writ of habeas corpus (Doc. 10), and  GRANTS Defendant's motion to dismiss. (Doc. 27).
SO ORDERED.

Dated at Rutland, in the District of Vermont, this __3rd__ day of May, 2013.

_____
Christina Reiss, Chief Judge
United States District Court

---

[1] Mr. McGahan was on notice of the obstacles to his habeas corpus petition in this court as the Magistrate Judge had addressed the issue of whether habeas relief was available, at length, in a previous Report and Recommendation (Doc. 5).